UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN LAWRENCE,

    Petitioner,

v.                                                CASE NO. 6:04-cv-452-Orl-19DAB
                                                         (6:02-cr-177-Orl-19DAB)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Kevin Lawrence (Doc. No. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner, through counsel, filed a supplemental memorandum of law in support of his § 2255 motion (Doc. No. 12). The Government filed a response (Doc. No. 14) to the supplemental memorandum, and Petitioner filed a *pro se* consolidated reply (Doc. No. 31) to the Government's response.

Petitioner alleges four claims for relief in his motion: three claims of prosecutorial misconduct (claims one through three) and one claim of ineffective assistance of counsel (claim four).

*Procedural History*

Petitioner was charged by information with conspiracy to possess with the intent to distribute and distribution of five kilograms or more of cocaine hydrochloride (Criminal Case No. 6:02-cr-177-

Orl-19DAB, Doc. No. 1, filed November 15, 2002).[1] Petitioner executed a waiver of indictment and a written plea agreement (Criminal Case Doc. Nos. 6 & 7). On December 17, 2002, Petitioner entered a plea of guilty to count one before United States Magistrate Judge David A. Baker. *See* Criminal Case Doc. No. 10. Magistrate Judge Baker entered a Report and Recommendation that the guilty plea be accepted and that Petitioner be adjudged guilty of count one and have sentence imposed accordingly (Criminal Case Doc. No. 15). The district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 17). A sentencing hearing was conducted, and the district court entered a Judgment in a Criminal Case sentencing Petitioner to a 120-month term of imprisonment (Criminal Case Doc. No. 32). Petitioner did not file a direct appeal of his conviction or sentence.

*Claims One, Two, and Three*

Petitioner contends that he is entitled to relief based upon prosecutorial misconduct. According to Petitioner, the prosecutor: (a) intentionally breached the plea agreement in violation of Federal Rule of Criminal Procedure 11(e)(1)(c) (claim one); (b) intentionally utilized the false statements of witnesses to deny Petitioner the benefit of the safety valve provision set forth in United States Sentencing Guideline § 5C1.2(5) (claim two); and (c) introduced her personal opinions and statements without supporting evidence and elicited the false testimony of witnesses in exchange for leniency (claim three).

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v.*

---

[1] Criminal Case No. 6:02-cr-177-Orl-19DAB will be referred to as "Criminal Case."

*United States*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 543 U.S. 891 (2004); *see also United States v. Sistrunk*, No. 05-72434, 2006 WL 1738226 (E.D. Mich. June 22, 2006) (holding that a defendant who waived his appellate rights may not raise the government's alleged breach of a plea agreement for the first time in a § 2255 motion). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995).

In the present case, Petitioner did not raise claims one, two, and three on direct appeal. Furthermore, he has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise these claims on direct appeal constitutes a waiver and bars him from raising claims one, two, and three now.

### *Claim Four*

Petitioner contends that he received ineffective assistance of counsel at sentencing "due to incompetent representation; resulting in [Petitioner] receiving [the] mandatory minimum." (Doc. No. 1 at 5.) According to Petitioner, his counsel:

(a) failed to object to the prosecutor using her personal opinions and statements, without supporting evidence, to impeach Petitioner's credibility;

(b) failed to adequately conduct research to support the argument that Petitioner met the requirements of U.S.S.G. § 5C1.2(a)(5) "based on the very fact 'that unless the course of conduct that the defendant has not revealed would result

3

        in a change of the guidelines, that it shouldn't count against him receiving the safety valve'";

(c)    failed to adequately prepare to argue the application of Application Note One under U.S.S.G. § 1(B)1.3;

(d)    failed to adequately prepare due to his physical health restrictions and lack of legal research to support his objection to the Government's position;

(e)    failed to adequately prepare to continue his argument at the rescheduled sentencing hearing on April 7, 2003; and

(f)    improperly allowed the prosecutor "to proceed with threats of vindictive prosecution, that she alluded to at the Sentencing Hearing, and continued to threaten [Petitioner] with an even more severe sentence; and the prosecutor stating to [defense counsel] that if [Petitioner] insisted on continuing with the rescheduled Sentencing Hearing that she would indict his girlfriend . . . as well."

**A.**    *The Legal Standard*

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.[2]

---

[2]In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

*Id*. at 687.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id*. at 689-90.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994).  This is not one of those cases.

## B.     *The Plea and Sentencing Proceedings*

As set forth above, Petitioner entered into a written plea agreement on the same day that he waived his right to be charged by indictment.  The written plea agreement explicitly addressed Petitioner's potential eligibility for a sentence reduction under the safety valve:[3]

---

[3]United States Sentencing Guideline § 5C1.2(a) limits the application of the statutory minimum sentence if the defendant meets certain criteria:

(1)    the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2)    the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so)

5

> If not later than the time of the sentencing hearing, [Petitioner] has truthfully provided to the Government all information and evidence [Petitioner] has concerning the offense or offenses that were part of the same course of conduct as that charged in the information, the United States will not oppose [Petitioner's] request to the Court that it impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, pursuant to USSG § 5C1.2, if the Court finds that [Petitioner] meets the criteria set forth in 18 U.S.C. § 3553(f). [Petitioner] understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, [Petitioner] will not be allowed to withdraw from the plea.

(Criminal Case Doc. No. 7 at 3-4.)

During the plea colloquy, Magistrate Judge Baker advised Petitioner that the offense carried a mandatory-minimum sentence of ten years and a maximum sentence of life in prison. (Criminal Case Doc. No. 25 at 28-29.) Petitioner acknowledged, under oath, that he had "talked to [his] attorney about how the guidelines work and how the statutes might apply to [him]." *Id*. at 29-30. Magistrate Judge Baker also specifically addressed the safety valve provision of the plea agreement, and the prosecutor represented that "the government believes that it [the safety valve provision] may be applicable because, although there were issues with [Petitioner's] cooperation, they did not come

---

in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

at a time when he was charged with anything, and his criminal history is not one that would preclude it applicability." *Id*. at 31. Magistrate Judge Baker then told Petitioner:

> Well, that's a possibility there, then which obviously has great significance to you, Mr. Lawrence. It's not going to be determined today whether you would have – I'm confident [defense counsel] will argue vigorously on your behalf for the best application of the guidelines and the safety valve, if he can make an argument that it should be applied.
>
> * * *
>
> Although there's a huge swing here as between the mandatory minimum of ten years and possible life imprisonment versus a Safety Valve or some of these other determinations, all you know for sure today is that you're going to be subject to those maximums; and the mandatory minimum, although there may be – there will be specific determinations made at the time of sentencing, but worst case scenario, that's what you're looking at, and, again, that will be the District Judge's [decision] . . . .

*Id*. at 31-32.

Prior to sentencing, both the Government and Petitioner filed objections to the presentence investigation report ("PSI"). The Government objected to Petitioner receiving any reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based on the belief that Petitioner continued to minimize his role in the offense, tested positive for cocaine while on bond, and did not assist the authorities in the investigation of the offense or provide complete information related to the drug conspiracy. *See* Addendum to PSI at 1-2. Petitioner objected to the determination that he did not meet the criteria of the safety valve provision. *Id*. at 2.

At the sentencing hearing, the Government argued that Petitioner was not entitled to any reduction in his offense level that was premised on acceptance of responsibility. The parties agreed that Petitioner satisfied subsections (1) through (4) of § 5C1.2(a); however, the Government took the position that Petitioner had not truthfully provided it with all information and evidence that he

7

had concerning the charged offense as required by subsection (5).  Therefore, the prosecutor argued that Petitioner was not entitled to the benefit of the safety valve.

Prior to the sentencing hearing and while testifying at the sentencing hearing, Petitioner admitted that he was involved in the delivery of a package containing five kilograms of cocaine. However, Petitioner maintained that he had no other involvement with the cocaine other than the delivery of the package.  The Government presented four witnesses who testified that Petitioner not only picked-up the package of cocaine, but was also involved in the cutting, pressing, and sale of the cocaine in the package.  This Court, finding that the Government witnesses were more credible, determined that Petitioner was involved in the dealing, supplying, cutting, and pressing of the cocaine.  "He was not simply a recipient who then let other people take care of it, but he was actively engaged in that process."  (Criminal Case Doc. No. 34 at 174.)  Therefore, Petitioner was found not to have provided to the Government all information and evidence that he had concerning the offenses, and § 5C1.2(a) afforded him no relief.  Petitioner was then sentenced to the statutory mandatory minimum term of imprisonment – 120 months.

*C.     Issue (a)*

Petitioner contends that defense counsel should have objected to the prosecutor's use of her personal opinions and statements to impeach his credibility.  A review of the record reveals that the prosecutor's statements were a fair comment on the evidence presented during the sentencing hearing.  Petitioner has not shown any viable ground for an objection by defense counsel. Furthermore, Petitioner has failed to demonstrate prejudice.  As noted during the sentencing proceedings, the issue of Petitioner's eligibility for the safety valve rested solely on a determination of the credibility of the witnesses.  This determination was resolved adversely to Petitioner, and

there is no indication that the prosecutor's arguments carried the day on this issue. To the contrary, the Court noted during the hearing that "it's just a pure issue of credibility and the conclusion that I reach, much of it has to do with just observing the witnesses and the body language and the way they responded, both to the question and the course of answering the questions and while the questions were being asked." (Criminal Case Doc. No. 34 at 171.) Petitioner has not met his burden regarding this issue.

### D.     *Issues (b), (c), and (e)*

In essence, Petitioner contends that defense counsel should have argued that because the conduct that Petitioner did not reveal would not have changed the guidelines calculation, it should not preclude him from qualifying for the safety valve. This contention is flawed.

Counsel did make this argument during the sentencing hearing. *See* Criminal Case Doc. No. 34 at 183-89. In response, the Government indicated that the evidence at the hearing could potentially be developed to increase the quantity of cocaine for which Petitioner would be responsible and to support scoring Petitioner for having an aggravating role. The Court sentenced Petitioner, but scheduled an additional hearing to reconsider the sentencing matters raised by counsel. The court records indicate that defense counsel and the prosecutor reached an agreement, and no further argument was pursued. *See* Criminal Case Doc. No. 31. Defense counsel made a strategic decision not to pursue this argument. Given the tenuous nature of the argument and the obvious risks to Petitioner had the argument been pursued, abandoning the argument was neither unreasonable nor prejudicial. Issues (b), (c), and (e) must be denied.

E. *Issue (d)*

According to Petitioner, defense counsel failed to adequately prepare due to "his physical health restrictions." Towards the end of the sentencing hearing, defense counsel stated:

> If we can have a recess in the sentencing hearing, I'll have a chance to develop this a little further. I'm tired as I can be right now. I have a terrible backache. If we can set it shortly from today forward, give me a brief chance to research it, I'll get with [the prosecutor] and let her know whether I will withdraw this objection or not, and then we can just come back in.

(Criminal Case Doc. No. 34 at 190.)

This statement falls far short of evidencing a deficient performance by counsel. Since the sentencing hearing was somewhat lengthy, it is not surprising that defense counsel may have been tired. However, this fact alone does not support a finding of ineffective assistance. Furthermore, defense counsel's request to reset the hearing for a short time later was granted, and he was provided an opportunity to explore his various options after the Court decided the credibility issue. Petitioner has not shown deficient performance or any prejudice, and issue (d) must be denied.

F. *Issue (f)*

Petitioner also argues that defense counsel improperly permitted the prosecutor to proceed with threats of vindictive prosecution. According to Petitioner, the prosecutor threatened Petitioner with a more severe sentence if he insisted on pursuing his arguments at an additional sentencing hearing. The transcript of the sentencing hearing reflects that this Court and the prosecutor merely pointed out that further development of the facts could yield a lengthier sentence. This was neither improper nor inaccurate. This issue is without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Kevin Lawrence (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4. The Clerk of the Court is directed to file a certified copy of this Order and the judgment in criminal case number 6:02-cr-177-Orl-19DAB and to terminate the § 2255 motion (Criminal Case Doc. No. 36) filed in the criminal case.

**DONE AND ORDERED** at Orlando, Florida, this _27th____ day of November, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 11/27
Kevin Lawrence
Counsel of Record